The 4th District Appellate Court of the State of Illinois has reconvened. The Honorable Catherine E. Zienoff presiding. Good morning, counsel. This is People of the State of Illinois v. Duran Gladney, case number 4-241264. Would counsel for the appellant please identify yourself for the record? Yes, your honor. My name is Stephen Richards and I represent the appellant in this case, Duran Gladney. Thank you. And would counsel for the appellee identify himself as well? Yes. Good morning, your honor. My name is Greg Seiple and I represent the appellee, the People of the State of Illinois. Thank you. Mr. Richards, you may begin your argument. Thank you, your honor. As your honors know, this is an appeal from a denial of a petition for certificate of innocence. There are three issues raised in my brief. One is the standard of review. The second is the substance of the court's decision that it was erroneous. And the third is that the court stepped out of the judicial role by intervening to do all the cross examination of petitioner. Now, I intend to concentrate on the second issue, but I'm more than happy to entertain questions on the first and the third. Just with respect to the standard of review. I did have a question with respect to that first issue on standard of review. You do spend quite a bit of time in your brief discussing it. And so just as I read it to the extent that the trial court based its decision on factual questions and issues that manifest weight, as opposed to abuse of discretion, should be the standard of review. However, you go on to suggest that where the trial court's finding didn't involve a finding with respect to demeanor or credibility of witnesses, but involved focusing on documentary evidence, that the standard of review should be de novo. I think you went on to say, in other words, where the trial court's finding was based on facts. For example, in the appellate court opinion, it should be de novo. Here, we have had or we know we have live testimony that the trial court heard on this petition. So I guess I'm a bit confused. How would you suggest we apply both of these standards of review and to what? And for what purpose would we employ two standards of review here? Your Honor, I think that's an excellent question, and I will do my best to answer it. In the Morgan case, which does deal with a different issue, it deals with detention hearings. But as a recent Illinois Supreme Court case, what the court said is that where there's no live witnesses, the standard of review is de novo. The court didn't deal with the situation here where there's both live witnesses and documentary evidence. So I would agree that it's a question as to how the court should deal with issues where part of the record is documentary and part of the record is live witnesses. Whether the overall standard review should be manifest weight of evidence for all the factual determinations, or that you can split up factual determinations, depending on whether it's a live witness or a documentary. It's the latter, which I would suggest, and I would also say that standard review is also split up in all cases between legal questions and factual questions. We always agree that factual questions could be abuse of discretion or manifest weight or de novo under the circumstance where there's no live witnesses. But legal questions are always de novo. So I don't think it's a revolutionary to split up this standard review, depending on what the actual issue you're looking at. Now, in this particular case. The trial court looked to the appellate court opinion didn't really contest the credibility or deal with the credibility of any witness or anything like that. The question was. Is the evidence that was seduced at the first trial sufficient to defeat the claim of innocence by preponderance? So our position would be you can split the standard view, depending on what the actual issue you're talking about. Obviously, you're entitled to give deference to the trial court's determination of demeanor because there was one live witness, the petitioner. But I think that does not deal. You can split the standard view as to other issues, and that's our position. But I think that's an acute question, and you might want to look at the dissent in Morgan because there's some discussion of whether you can split the standard view between different factual issues in that case. But going to the heart of the matter, whether my client proved his innocence by preponderance. There is quite there, and I would also say that legal issues are a little bit intermingled with the trial court's finding because the fight the trial court said a number of things about what he was doing, which, frankly, I don't think make great deal of legal sense. Just, for example, he said the case is a is he said the case is 5050. And I guess there are cases that are 5050. But obviously, by saying it's 5050 conceded at the very least, it was very close because any infinitesimal amount above 5050 would turn the issue in favor of my client. But what he also said was. When all the evidence considered, there is still a question as to petitioner's innocence. Now, I would interpret that statement to mean. The same thing I would argue to a jury in a criminal trial. If there's a question as to my client's innocence, there's a reasonable doubt, and therefore you should be acquitted. So, in other words, I think what the judge was saying is. I'm not certain. I'm not absolutely certain this guy is innocent. I'm suspicious. I have a doubt. Again, that's not the store or there's a question. I either is an issue that remains. I mean, there's a couple of interpretations as to what the court may have been referencing there. Your honor, I think my interpretation is more reasonable. I think questions generally mean. Wait a second. Now, is your is your interpretation more reasonable light of the way the court ultimately ruled. Or is it inconsistent with the way the court ultimately ruled. It's I think it's consistent with the way the court ultimately ruled and also consistent with a number of other things the court said, which I think also don't make legal sense. One of the things the court said was that there's, in other words, he said, I have another theory. The appellate court said there is enough proof beyond reasonable doubt. But my theory is, it could be that Kimberly Harper was an addict who obtained her drugs from petitioner whose movement between houses and contraband would not be out of the realm of possibilities. But here, here's the problem. It could also be the, the opposite. It could be that your client. Own this duffel bag stored the drugs in the drawer, all these other things. It's equally as possible as it not. Well, no, it's not equally as possible. It's within the realm of possibilities. They both are within that realm. Right, but just because something with this in the realm of possibility doesn't mean that my client has failed to prove his innocence by a preponderance. After all, lots of things are possible. In, as I said, in a criminal case, there could be a reasonable doubt based upon a possibility. But even in criminal cases, even with the standards proof beyond reasonable doubt, a long time ago, the courts abolished the rule of reasonable hypothesis of innocence. This judge is applying a new rule of reasonable hypothesis of guilt. He's got a reasonable hypothesis of guilt. Your burden shifting counsel. I don't think I am. I think I'm maintaining my burden. And you're placing the burden on the court somehow when you've got the burden with regard to the certificate and proving it up. Well, I think we carry that burden. My client testified. My client testified that the drugs were not his and that the gun was not his. Nobody testified that the gun was his and the drugs were his. Kimberly Harper, whose room it was, and presumably would have known, never testified that the drugs were his. And as the appellate court said. In the in their determination, there is there was zero evidence connecting him with the drugs. There was no DNA. There was no fingerprints. And even assuming that at some point Kimberly testified that she brought drugs from him the night before. She did, but she never identified those drugs as his drugs. And she said there are other people who had who had who had access to her house, including people who were buying drugs. So, you know, but we know counsel. I mean, our Supreme Court has told us in people versus Baker that a fact finder can reject unrebutted testimony that is contradicted by circumstances. And here, I think, as pointed out, the circumstances could give a reasonable fact finder a plausible basis not to believe petitioner's testimony that he was unaware of the gun and the drugs inside the residence. So, I mean, why are you suggesting we should accept your argument that trial court was not free to disregard petitioner's testimony? Well, because petitioner's testimony wasn't wasn't rebutted by first of all, petitioner's testimony was not improbable there. It was perfectly probable or possible that he didn't have control over the drugs. You have to remember, even if assuming that he did sell drugs, there's no proof connecting him to these drugs, as the appellate court said, because there was no showing that he had exclusive control over the area. And that other people couldn't come in and deposit drugs, including Kimberly Harper, who was an admitted drug addict. So with all that, the balance of evidence is favors my client and not and not a other theory. And again, on this point, I'm sorry. Well, I was going to say, I mean, the issue really now is not what the issue was for the 3rd district. I mean, it's whether we know the petitioner has affirmatively proved by a preponderance of the evidence that he did not possess the contraband. So whatever comments the 3rd district may have had about the circumstantial evidence were really made in a different context, weren't they? And I'm not sure they bind the trial court in determining whether petitioner did prove his innocence. Well, I think they are. They bind the trial court to this extent that the appellate court did look at the evidence, which is all the evidence we have, except for Duran Gladney's testimony here. That's the entire case. It's the evidence that was at the 1st trial and it was Duran Gladney's testimony. So you have to look at those 2 things in combination. Now, what the appellate court was saying essentially was that and they said this, that there was zero evidence that he was in control of those drugs or that area or or it wasn't. It wasn't his apart. It wasn't his room. It was somebody else's room. No fingerprints on the drugs or the gun. No DNA. Zero proof that he had control over those drugs, even if he was a drug dealer, even if he sold drugs to somebody else. So you can't ignore those facts. Well, those facts related to the issue of constructive possession. Correct. And that was what and that was the only way he's only. He's he's proved his innocence is this charge and he doesn't have to prove his innocence is to everything. He doesn't have to prove he's a good guy. He doesn't have to prove he committed didn't commit another crime. He doesn't have to prove that he didn't possess other drugs. All he has to prove by preponderance is that he was not in possession, which could only be constructive in this case of these drugs. And he says he wasn't in constructive possession. There's no evidence to defeat what he says. And also, just in terms of his testimony again, the judge reversed the usual burden of proof or the reverse of the burden of proof. So, with all respect, as the 2nd issue, the trial judge is finding. Should be reversed. It's our client proved his proved this by preponderance. It is also, I would say, at least troubling. And also, in our view, an issue that essentially this was a hearing in which. The respondent did nothing. Responded didn't ask a single question of Duran Gladney. All the questions were asked by the judge. Now, whether the judge established anything by this questions. I don't think I don't think he did. But again, I think he was. It did, but there's a line between clarifying and between conducting the entire cross examination, which is what it did. Well, I think your point that I read in your brief had to do with more specifically that the questioning was hostile and sarcastic. I'm not sure where you would have gotten that. I mean, and reading the words on the page, that's about as far as we can get. There wasn't anything hostile or sarcastic that I discerned with respect to that. So, I don't know what specific questions you might be referencing, but it appeared that the trial court was trying to clarify some of the points that had been made. I don't think I use the words hostile or sarcastic. In fact, I'm looking at the brief. What the words I used were extremely extensive, indicated prejudgment and place the court in the role of an advocate. And that's what I maintain. Okay, I suppose you have to take that position to label the court's questioning cross examination. Do you not. Well, it doesn't cross examine. We all we went to law school. We took the classes. We did the trial ad. We know the rules court doesn't cross examine. Does he or she. Well, I, I, I take crossing. Well, it's an examination and it's examination using leading questions. Right. But I had an exact my sense of being a prosecutor defense attorney judge. Whatever you want is that the court is in a different position than opposing counsel when putting questions. To a defendant. Maybe I'm wrong. Very confident. Well, I, I agree that the court can ask either leading or direct questions. The court can ask as many questions in whatever manner the court thinks needs to be done to clarify the evidence. But here, and I've never seen this before. All the questions were done by the judge. There's not a single one by by respondent. And they included questions, which, you know, reasonably probed Mr. Gladney's testimony on various points. That would be the role of an advocate and a judge, I think, should intervene to clarify when some topic that he wants to have done has not been done. In this case, the court had an important decision to make and didn't have all the information or help that it required. Therefore, the court asked probing and relevant questions in order for the court to further. Analyze the case and make an ultimate decision. I truly think that we're looking at this through different glasses and that. At some point, yours are a bit self serving. Well, I'm serving the interests of my client, so I'll take that as I won't take that as an insult. I think it's a reasonable view of what the trial court did. I think the more important issue is that the proof there was proof by a preponderance and there's nothing to rebut my, my client's testimony. Absolutely nothing. He, he said he didn't have knowing possession of those drugs. There's not one wit of evidence from the appellate court opinion or anywhere else. You're claiming we should disregard the circumstantial evidence. Well, the circumstance, the circumstantial evidence, the appellate court said was essentially zero. They, and that's what they said. Counsel, I'm sorry. Can you direct me to the point in the record where the court said that zero circumstantial? Okay, I'm, I'm looking at paragraph 31. Counsel, you're just for the record. Your time is up. Certainly. We can complete the answer with respect to this question. Okay, this is what the court said. Absent defendants presence at 2021 West Kellogg on the morning of January 26, 2019. And we know he was not present. There is no evidence linking defendant to the controlled substances or the firearm. And then, excuse me, the last sentence following that is such evidence is insufficient to support defendants convictions for possession. Which goes to the point I had made a couple questions ago. But it proceed this preceding sentence says there's no evidence. So what they're saying is whatever there was is no evidence linking defendant to the controlled substances or the firearm. And I would suggest that to defeat his claim that he, he wasn't in possession or constructed possession. You need some positive evidence to rebut that. And there's none. Thank you counsel justice Kevin any follow up at this time. No, thank you. Justice. Justice. Thank you. All right. Mr. Richards. You'll have time on rebuttal. Mr. cycle. You may begin your argument. Thank you. Good morning. May it please the court counsel. I would like to begin with the 1st issue on this appeal the standard of review. And I would just like to start out and point out that the 4th district has held expressly in people versus Brown cited in my brief that granting a certificate of innocence is within the sound discretion of the trial court and the trial court's decision is reviewed on abuse of discretion. And again, in my brief, I point out there is a wide consensus in Illinois, every appellate decision, except for 1 that people versus Macintosh case out of the 1st district. But every other appellate court or every other appellate opinion that has looked at the standard of review and the certificate of innocence cases has ruled that the decision of the trial judge is reviewed on abuse of discretion. And I would also like to just highlight, I think the language in the certificate of innocence statute itself does support that interpretation. I would just point out Section H in the in the statute. If the court finds that the petitioner is entitled to a judgment, it shall enter a certificate of innocence. I know petitioner hangs his hat on the word shall there, and I know that's not insignificant, but if the court finds that the petitioner is entitled to a judgment, then yes, it shall enter a certificate. But whether or not the petitioner in each case has met each of those four elements in the statute is within the discretion of the trial court. And then I would also point out Section F states the decision to grant or deny a certificate of innocence. So again, I think if you look at the language of the statute, it does support the interpretation by every other appellate court that the trial judge does have the discretion to grant or deny a certificate of innocence. And that, of course, the standard of review would be abuse of discretion. Well, in this in this case, counsel, would it really have any effect if we applied the abuse of discretion standard of review versus a manifest weight of the evidence standard? No, I don't think it would. And that's a great question. That'll segue into the second issue on appeal, which, you know, I think we should focus on more heavily here. Whether or not in this case, the trial judge made the correct decision based on the evidence. So I would just maybe start out with with the point that this is in every one of these cases, it's the petitioner's burden. The petitioner has the burden to prove each of those four elements in the certificate of innocence statute. In this case, when we look at the evidence. The question or excuse me, the question is, did the trial judge in this case make the correct decision based on all of the evidence in the record? That would be the pleadings in the form of the petition, the Gladney decision attached to the petition and the evidence presented in the certificate of innocence hearing. So the question with regard to excuse me for interrupting with regard trying to get to the heart of the matter, counsel, with regard to the testimony. And that was given by petitioner that was unrebutted. How do you respond to opposing counsel's argument that there was nothing to rebut that testimony? And so therefore, the trial court had to accept it. In this case, and therefore issue a certificate of innocence. Well, I don't think just because the live testimony was unrebutted that the trial court would have to accept all of that at face value. I think, again, the trial court's decision is based on all of the evidence in this case, whether that be the evidence presented at the hearing, as well as the other evidence, the pleadings or any documents attached to the pleadings. When you take all of that together, the question would be, did the petitioner meet his burden that he is innocent of all of the charges in the indictment in this case? And as I point out in my brief, when you take everything together, the trial judge did not make the wrong decision here. It's easy to see. I'm going to interrupt again, but opposing counsel just read to us a quotation from the appellate court decision, indicating that there were no circumstances, no evidence of the defendant's possession of the drugs or the gun. Well, I think there's a difference between being an appellate court finding that the state was unable to prove an element of possession or able to find the state was – excuse me. I think there's a difference between the appellate court reversing a conviction or finding that the state didn't have enough evidence to convict and the petitioner in this case proving his innocence. And there is some case law that makes that distinction. So, yes, it is true. There were some – obviously, his conviction was reversed. So there was some questions as to whether or not he possessed those drugs, right? The appellate court found that he wasn't present in the house when the drugs were found, that there were other people that had come and gone. So, sure, there was enough that the appellate court held that the state didn't prove that he exclusively possessed that contraband. But there's a difference in that and proving that he is – the petitioner being able to prove that he's innocent, and that just isn't the case here. We have testimony in the trial, the underlying criminal trial, that the homeowner sold – the appellant petitioner had sold the homeowner drugs the night before. His duffel bag with his belongings was right next to the dresser that had all the contraband in it. He had a key to the residence and was free to come and go as he pleased. So, yes, there is some questions as to his guilt here, but there's also – he just didn't reach that threshold, even the low-threshold level preponderance, in showing that he is innocent, that he did not possess those drugs. So I know that can be a slight distinction sometimes, but here there is a difference, and it's important, I think. And going back to the evidence presented in the hearing, again, I think the only evidence presented in the hearing was the petitioner showing up in the hearing and saying, I didn't do it. I didn't possess those drugs. And in these certificate of innocence cases, that just – that can't be enough. If that's all it takes is a petitioner to show up and say, well, I didn't do it. I didn't – I'm innocent, then, you know, I think it turns these certificate of innocence proceedings into a formality, really. All of the evidence in the record has to be considered. And in this case, again, when all of the evidence is considered, I think the trial judge certainly made the right decision here. And then turning then to the third issue, whether the trial court abused its discretion by asking some questions of the petitioner in the hearing. I just – I don't see anything in whether I read the – in the transcripts that would indicate that the trial judge crossed that line from impartial mediator into an advocate. Again, and that's the – as Your Honor pointed out, the trial judge has the discretion to ask questions, to clarify issues. And that's all that happened here. If you read the transcript, the judge asked some questions that it wanted clarity on, and there was just no evidence that the judge was hostile or was taking sides or was acting as an advocate for respondent. So – and I would point out in non-jury – I cite a couple of cases in my brief. In non-jury trials or hearings without a jury, that standard is – you know, that discretion is especially broad. So, again, I just – there's no evidence here or there's nothing in the transcripts that would indicate that the judge did anything other than ask questions to clarify issues. That had already been raised in the hearing. Thank you. Justice Kavanaugh, do you have any questions you would like to pose at this time? No, thank you. Justice Grisho? Thanks. Thanks. Thank you, Mr. Zipel. Mr. Richards? Well, Your Honors have been so thorough that I have very little else to say, but I just will mention one point that I didn't get to. Among the many things that the judge said with respect to this issue, which is also legally incorrect or can't be legally correct, is he said, well, there was probable cause, and therefore, since there's probable cause, Durand-Gladney can't prove his innocence by preponderance. If that was true, we'd never have certificate of innocence cases because, by definition, in every case, either at a preliminary hearing or a grand jury, somebody finds probable cause. And it's clear from time out of mind that despite the word probable and probable cause, it doesn't mean more likely than not. It just means enough evidence to get the case past the first stage and go on to eventually a trial. That's all the grand jury found in this case, that there is probable cause. And again, the trial court erred by relying on that as evidence that my client had not proved his innocence by a preponderance. Well, it seems perhaps the trial court might have misspoken. I'm not sure that there's really any evidence that the trial court applied an incorrect burden here or standard for reviewing the evidence. I would like to note, however, I did seem to recall that you suggested in your brief that the circuit court's cross-examination was hostile. And indeed, at page 26, you do say, in addition to the comment you read, moreover, the tenor of the circuit court's cross-examination was hostile, seeking to poke holes in Duran Gladney's testimony and damages credibility. So, at any rate, I certainly, again, I'm not sure where one could glean that from what the trial court asked here. But just so the record reflects today that it was in your brief as well. Yes, and I acknowledge that correction. But if I may offer a correction or defense of my last statement, if you look in the transcript, one of the things the judge says explicitly is that he relies on the fact that the grand jury found probable cause. And that statement was significant enough that I discussed it at a little bit of length in the brief because it contradicts. For one thing, it would mean that no certificate of innocence would ever prevail. And second, it contradicts all the case law, which says that probable cause does not mean more likely than not. So, for that reason, among the many other reasons where the trial court made statements which are not legally correct, his decision should be reversed. At a minimum, sent back for a new determination, if not reversed outright, as it should be. Thank you, counsel. Justice Kavanaugh, anything further? No, thank you. Justice Grisho? All right. Thank you, counsel, both of you, for your arguments this morning. The court will take the matter under advisement and render a decision in due course. Court is adjourned for the day.